JOSEPH JAMAUL JOHNSON
I.D. # P77735   A2-124
PRO SE LITIGANT
P.O. BOX 5101
DELANO, CA 93216

FILED

SEP 03 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JAMAUL JOHNSON,           NO. 19-CV-02345-SK

           PLAINTIFF,

           V.                     PLAINTIFF'S FIRST

A. MEYER, et al.,                 AMENDED COMPLAINT

           DEFENDANTS.

TO THE UNITED STATES DISTRICT COURT, FOR THE NORTHERN
DISTRICT OF CALIFORNIA:

   PLAINTIFF SUBMITS HIS FIRST AMENDED
COMPLAINT FOR REVIEW AND JUDGMENT

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii |
| JURISDICTION | 1 |
| CLAIM EXHAUSTION | 2 |
| PARTIES | 2 |
| STATEMENT OF FACTS | 3 |
| LEGAL CLAIMS | 6 |
| RELIEF | 8 |
| CONCLUSION | 9 |

# TABLE OF AUTHORITIES

PAGE

**FEDERAL STATUTES**

| | |
|---|---|
| 28 U.S.C. § 1331 | 1 |
| 28 U.S.C. § 1343 | 1 |
| 42 U.S.C. § 1983 | 1 |

**FEDERAL CONSTITUTION**

| | |
|---|---|
| U.S. CONST. AMEND. 8 | 6, 7, 8 |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JAMAUL JOHNSON,

        PLAINTIFF,

    V.

A. MEYER, et al.,

        DEFENDANTS.

_____,

TO THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:

PLAINTIFF, A PRO SE LITIGANT, BRINGS THIS CIVIL ACTION AGAINST SEVERAL CORRECTIONAL OFFICER'S UNDER § 1983. PLAINTIFF ORIGINALLY INITIATED SUIT AGAINST DEFENDANTS IN APRIL 2019, ASSERTING CLAIMS OF (1) FAILURE TO ACT, (2) DELIBERATE INDIFFERENCE, AND (3) RETALIATION (ECF no. 1). ON JULY 1, 2019, THE COURT DISMISSED THE ACTION WITH LEAVE TO AMEND (ECF no. 8). AN ORDER GRANTING MOTION TO EXTEND TIME WAS FILED ON AUGUST 5, 2019 (ECF no. 10). HERE, PLAINTIFF SUBMITS HIS FIRST AMENDED COMPLAINT.

## JURISDICTION

THIS COURT HOLDS ORIGINAL JURISDICTION OF THE ISSUES RAISED HEREIN UNDER §§ 1331 AND 1343 OF THE UNITED

1  STATES CODE, TITLE 28.

## CLAIM EXHAUSTION

ALL CLAIMS HAVE BEEN EXHAUSTED TO THE HIGHEST LEVEL OF REVIEW.

## PARTIES

PLAINTIFF:

   JOSEPH JAMAUL JOHNSON, PRO SE LITIGANT

DEFENDANTS:

   SHAWN HATTON, CORRECTIONAL WARDEN (SVSP)
   VICTOR SOLIS, CORRECTIONAL ASSOCIATE WARDEN (SVSP)
   JASON MARTINES, CORRECTIONAL COUNSELOR (SVSP)
   J. CERMENO, CORRECTIONAL SERGEANT (SVSP)
   A. QYARZABAL, CORRECTIONAL SERGEANT (SVSP)
   M. PEREZ, CORRECTIONAL OFFICER (SVSP)
   M. MATIAS, CORRECTIONAL OFFICER (SVSP)
   R. SAGADO, CORRECTIONAL OFFICER (SVSP)
   JOHN DOE NO. 1, CORRECTIONAL OFFICER (SVSP)
   JOHN DOE NO. 2, CORRECTIONAL OFFICER (SVSP)
   JOHN DOE NO. 3, CORRECTIONAL OFFICER (SVSP)
   K. BROWN, CHIEF EXECUTIVE OFFICER OF APPEAL (KVSP)
   S. GATES, CHIEF OFFICER OF APPEAL (KVSP)

ALL DEFENDANTS ARE BEING SUED IN BOTH THEIR INDIVIDUAL CAPACITIES AS EMPLOYEES FOR CDCR.

## STATEMENT OF FACTS

On or about July 5, 2018, Plaintiff, an inmate of the California Department of Corrections and Rehabilitation (CDCR), was transferred to Salinas Valley State Prison (SVSP) for placement in the Short Term Restricted Housing (STRH) Unit. On July 12, 2019, Plaintiff attended a classification hearing for custody review and program placement.

During this custody proceeding, the committee members reviewed Plaintiff's case factors and found no reason to retain him in Administrative Segregation (AD-SEG). Plaintiff was noted as not posing a greater than normal risk of programming negatively in the inmate General Population (G.P.) if released from AD-SEG. The committee members also reported that Plaintiff had no documented enemy situation at SVSP, Facility C.

This committee hearing was held by Defendant's Shawn Hatton (SVSP - Warden), Victor Solis (SVSP - Associate Warden), and Jason Martinez (SVSP - Correctional Counselor). Plaintiff's case was referred for 180-G.P. transfer to SVSP, and he was subsequently released from AD-SEG retention for placement on Facility C. See CDCR 128G dated 7-12-18.

While pending release from AD-SEG, Plaintiff was approached, cell front, by Defendant's A. Oyarzabal (Correctional Sergeant) and J. Cermeno

3

(CORRECTIONAL SERGEANT), AND INFORMED THAT HE IN FACT DID HAVE AN ENEMY ON FACILITY C. THIS INFORMATION WAS PROVIDED BY DEFENDANT QYARZABAL, WHO SPECIFICALLY QUESTIONED THE COMMITTEE'S DECISION TO RELEASE PLAINTIFF TO THIS FACILITY WHILE THERE EXISTED A DOCUMENTED ENEMY SITUATION.

ON JULY 15, 2018, PLAINTIFF WAS RELEASED TO FACILITY C AND PLACED ON ORIENTATION STATUS. THIS PLACEMENT IS REQUIRED THROUGHOUT CDCR FOR NEW ARRIVALS, WHICH TEMPERARILY RESTRICTS INMATES TO THEIR CELL UNITS FOR [10 TO 14] DAYS PENDING PROGRAM ASSESSMENT. UPON ANY MOVEMENT WHILE ON ORIENTATION, ALL INMATES MUST BE ESCORTED BY CORRECTIONAL STAFF WHENEVER OUTSIDE OF THEIR ASSIGNED HOUSING. NO RECREATION PRIVILEGES ARE ALLOWED WHILE ON THIS STATUS.

ON JULY 16, 2018, DURING YARD RELEASE, PLAINTIFF WAS APPROACHED BY DEFENDANT JOHN DOE #1 (CORRECTIONAL OFFICER), CELL FRONT, AND INFORMED THAT HE HAD TO GO TO YARD. DEFENDANT JOHN DOE #2 (CORRECTIONAL OFFICER), AS THE BUILDINGS TOWER OFFICER, OPENED PLAINTIFF'S CELL DOOR, WHICH FURTHER INDICATED THE NEED TO COMPLY WITH THE OFFICER'S ORDER.

WHILE ON THE RECREATION YARD, PLAINTIFF WAS EVENTUALLY APPROACHED BY 4 FELLOW INMATES WHO BEGAN TO ASSAULT AND BATTER HIM. ALTHOUGH PLAINTIFF WAS CLEARLY THE VICTIM OF THIS ASSAULT, AND HEAVILY OUTNUMBERED, DEFENDANTS M. MATIAS, M. PEREZ, AND R. SALGADO (CORRECTIONAL OFFICERS) STOOD BY AND

4

1-28

WATCHED AS PLAINTIFF WAS BEING ATTACKED. WHILE DEFENDANT JOHN DOE #3 (CORRECTIONAL OFFICER), AS THE YARD TOWER OFFICER, SHOT PLAINTIFF IN THE FACE AND ARM WITH A 37 MM LAUNCHER.

FROM THIS INCIDENT PLAINTIFF SUSTAINED SEVERAL SERIOUS INJURIES WHICH INCLUDED: (1) A RIGHT-SIDED MAXILLARY ZYGOMATIC BONE FRACTURE, CAUSED BY THE 37MM; (2) A RIGHT ORBITAL BONE FRACTURE; AND (3) A NASAL SEPTUM BONE FRACTURE. PLAINTIFF WAS ASSESSED AND AMBULATED TO THE LOCAL EMERGENCY DEPARTMENT (ED) AT NATIVIDAD MEDICAL CENTER IN SOLODAD CALIFORNIA. SEE NATIVIDAD MEDICAL CENTER ED PROVIDER REPORT.

PLAINTIFF ALSO SUFFERED A BRAIN CONCUSSION WITH THE LOSS OF CONSCIOUSNESS, AS WELL AS AN LACERATION, ALSO CAUSED BY THE 37MM, WHICH REQUIRED SEVERAL SUTURES TO CLOSE THE WOUND. FOLLOWING THE ABOVE MEDICAL DIAGNOSES AND PROCEDURE, PLAINTIFF WAS RELEASED BACK INTO CDCR CUSTODY AND PLACED IN AD-SEG PENDING INVESTIGATION OF THE INCIDENT. SEE CDCR 1140-AD-SEG UNIT PLACEMENT NOTICE.[1]

ON OR ABOUT JULY 23, 2018, PLAINTIFF UNDERWENT SURGICAL OPERATION TO REALIGN THE RIGHT-SIDED MAXILLARY ZYGOMATIC BONE FRACTURE. THIS SURGICAL PROCEDURE WAS CONDUCTED BY SALINAS CENTRAL COAST HEAD AND NECK SURGEONS, INC.

ON JULY 26, 2018, PLAINTIFF SUBMITED A CDCR 602-INMATE APPEAL/STAFF COMPLAINT ASSERTING CLAIMS THAT DEFENDANTS PLACED HIM IN IMMINENT DANGER BY

---

[1] SEE ALSO CDCR 837-A-INCIDENT REPORT LOG NO. SVSP-FCY-18-07-0668.

releasing him to Facility C with noted enemy concerns, failed to prevent his physical assault, and failed to properly intervene once the assault occurred, which resulted in plaintiff suffering serious physical injuries. This appeal was partially granted and exhausted to the highest level of review. See CDCR Appeal Log No. SVSP-18-04390 / Third Level Review (TLR) Case No. 1813196.

On September 18, 2018, and on or about January 25, 2019, plaintiff submitted two separate CDCR 602-Health Care (HC) appeals asserting complaints of improper medical treatment regarding ineffective medication for continued pain, and for failure to properly follow up on brain concussion, arm and facial injuries. These appeals were reviewed by defendants K. Brown (Chief Executive Officer of Appeal) and S. Gates (Chief Officer of Appeal), where no medical intervention occurred. See CDCR HC Appeal Log Nos. KVSP-HC-18001056 and KVSP-HC-18001056 (Headquarter's Level Response.

## LEGAL CLAIMS

CLAIM ONE (1):

On or about July 12, 2018, defendants S. Hatton, Y. Solis and J. Martines did in fact violate plaintiff's right against cruel and unusual punishment, in that defendants failed to properly assess

PLAINTIFF'S ENEMY SITUATION AT SVSP, WHICH RESULTED IN HIM BEING PHYSICALLY ASSAULTED. U.S. CONST. AMEND. 8. COMPLAINT (CMPT) AT PAGE (PG) NOS. 3 AND 5.

CLAIM TWO (2):

ON OF ABOUT JULY 12, 2018, DEFENDANT'S A. OYARZABAL AND J. CERMENO DID IN FACT VIOLATE PLAINTIFF'S RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT, IN THAT DEFENDANT'S FAILED TO INTERVENE WITH PLAINTIFF'S RELEASE AT SVSP UPON KNOWING THAT HE HAD DOCUMENTED ENEMY SITUATIONS THERE, WHICH RESULTED IN HIM BEING PHYSICALLY ASSAULTED. U.S. CONST. AMEND. 8. CMPT AT PG NOS. 4 AND 5.

CLAIM THREE (3):

ON OF ABOUT JULY 16, 2018, DEFENDANT'S JOHN DOE NOS. ONE AND TWO DID IN FACT VIOLATE PLAINTIFF'S RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT, IN THAT DEFENDANT'S UNLAWFULLY ORDERED PLAINTIFF TO GO TO THE FACILITY YARD WHILE ON ORIENTATION, WHICH RESULTED IN HIM BEING PHYSICALLY ASSAULTED FROM LACK OF ESCORT. U.S. CONST. AMEND. 8. CMPT AT PG. NO. 4

CLAIM FOUR (4):

ON OF ABOUT JULY 16, 2018, DEFENDANT'S M. PEREZ, M. MATIAS AND R. SABADO DID IN FACT VIOLATE PLAINTIFF'S RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT, IN THAT DEFENDANT'S FAILED TO INTERVENE WHEN PLAINTIFF WAS BEING ASSAULTED, WHICH RESULTED IN HIM SUFFERING SERIOUS BODILY INJURIES. U.S. CONST. AMEND. 8. CMPT AT PG NOS. 4 AND 5.

CLAIM FIVE (5):

On or about July 16, 2018, Defendant John Doe No. Three did in fact violate Plaintiff's right against excessive use of force and cruel and unusual punishment, in that Defendant failed to properly ~~protect Plaintiff during his physical assault by~~ shooting him twice during the incident, rather than his attackers, which resulted in him suffering serious bodily injuries. U.S. Const. Amend. 8. Cmpt at pg no. 5.

CLAIM SIX (6):

On or about September 18, 2018, Defendant's K. Brown and S. Gates did in fact violate Plaintiff's right against deliberate indifference, in ~~that~~ Defendant's denied Plaintiff intervention of inadequate medical treatment, which resulted in prolonged injury and ineffective pain medication. U.S. Const. Amend. 8. Cmpt at pg no. 6.

There's also further allegation that all Defendant's, besides K. Brown and S. Gates, violated Plaintiff's right against deliberate indifference, in ~~that~~ Defendant's failed to prevent Plaintiff's physical assault by not acknowledging his documented enemy situation at SVSP, Facility C. Complaint.

RELIEF

Plaintiff will hereby respectfully request the monetary compensation of $250,000 for pain and

8

1  SUFFERING, AND $25,000 PER DEFENDANT IN PUNITIVE
2  RELIEF, IN THE TOTAL AMOUNT OF $575,000.
3      PLAINTIFF WILL ALSO DEMAND JURY TRIAL ON ALL ISSUES
4  OF FACT TRIABLE IN THE COURT OF LAW.

## CONCLUSION

8      ACCORDINGLY, PLAINTIFF WILL HEREBY SUBMIT THIS
9  FIRST AMENDED COMPLAINT FOR REVIEW AND JUDGEMENT.

12 DATED: 22ND August 2019     RESPECTFULLY SUBMITTED
13                              BY: Johnson Joseph
14                              JOSEPH JAMAUL JOHNSON
15                                  PRO SE LITIGANT

9

STATE OF CALIFORNIA                                              COUNTY OF KERN

## VERIFICATION

C.C.P. SEC. 466 & 2016.5; 28 U.S.C. SEC. 17460

I __JOHNSON JOSEPH__ declare under penalty of perjury that: I am the __PETITIONER__ in the above entitled action. I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this __22nd__ day of __August__, 2019, Kern Valley State Prison.

Signature __Johnson Joseph__
DECLARANT/PRISONER

---

## PROOF OF SEVICE BY MAIL

C.C.P. SEC. 1013(a) & 2016.5; 28 U.S.C. SEC. 1746

I __JOHNSON JOSEPH__, am a resident of California State Prison, in the County of KERN, State of California: I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box __5101__, Delano, CA. 93216.

On __AUGUST 22nd__, 2019, I served the foregoing __PLAINTIFF'S (First Amended) COMPLAINT #19-CV-02345-SK-(PR) CIVIL RIGHTS ACT 42. U.S.C. §1983__

Set forth exact title of document(s) served

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s) with postage thereof fully paid, in the United States Mail, in a deposit box so provided at KERN Valley State Prison, Delano, CA. 93215.

__UNITED STATES DISTRICT COURT "NORTHERN DISTRICT OF CALIFORNIA" 450 GOLDENGATE AVE SAN FRANCISCO, CA. 94102__

List parties served

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: __8/22/19__                               __Johnson Joseph__
                                                              DECLARANT/PRISONER

Joseph Johnson  
P.O. Box 5101 A2-124  
Delano, CA. 93216  
19-CV-02345-SK (PR)

8·25·19

Dear Deputy Clerk Melinda K. Lozenski

Greetings. my name is Joseph Johnson # P77735 I'm a inmate in (CDCR) Delano State Prison I'm now refiling my (Plaintiff's first Amended complaint) 19-CV-02345-SK (PR). I'm enclosing one original and one copy. Can you please endorse file me a copy back for my own records. Please.

Thank you for your time & help on this Matter.

Joseph Johnson