"Original"

JOSEPH J. JOHNSON - P77,735
KERN VALLEY STATE PRISON
P.O. BOX: 5101, A2-124
DELANO, CA 93216-5101

FILED
MAR -2 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JAMAUL JOHNSON,
    PLAINTIFF,

    V

SALINAS VALLEY PRISON OFFICIALS;
S. HATTON, WARDEN;
V. SOLIS, ASSOCIATE WARDEN;
A. MEYER, LIEUTENANT;
J. CERMENO, SERGEANT;
A. OYARZABAL, SERGEANT;
M. PEREZ, SERGEANT;
M. MATIAS, CORRECTIONAL OFFICER;
R. SALGADO, CORRECTIONAL OFFICER;
"DOE," C1- FLOOR OFFICER;
"DOE," C1- GUN TOWER OFFICER;
"DOE," C YARDS - GUN TOWER OFFICER;
J. MARTINES, CORR. COUNSELOR;
S. SAWYER, CHIEF HEALTH SER.;
M. VILLANUEVA, RN, SUED IN
THEIR INDIVIDUAL CAPACITIES;
    DEFENDANTS.

CASE NO. 19-CV-02345-SK (PR)
MAG. JUDGE SALLIE KIM

SECOND AMENDED COMPLAINT

JOSEPH JAMAUL JOHNSON, CASE NO. 19-CV-02345-SK (PR)

## COMPLAINT WITH JURY DEMAND

### Introduction

This is a civil rights action filed by Joseph Jamaul Johnson, a state prisoner, for damages and injunctive relief under 42 U.S.C. sec. 1983, alleging defendant(s) acted with deliberate indifference to plaintiff's physical safety and denial of medical care in violation of the Eighth Amendment to the United States Constitution. The plaintiff also alleges the torts of being shot and bodily injury and negligence.

### Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. sections 1331(1) and 1343.

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. sec. 1367.

### Parties

3. The plaintiff, Joseph Jamaul Johnson, was incarcerated at Salinas Valley State Prison ("SVSP") during the events described in this complaint.

4. Defendant Shawn Hatton is the Warden for Security at SVSP and is responsible for the custody, treatment, training, and discipline of all inmates and correctional staff under his charge. He is sued in his individual capacity.

5. Defendant Victor Solis is the Associate Warden having equal or nearly equal responsibility for Security at SVSP and is responsible for the custody, treatment, training, and discipline off all inmates and correctional staff under his charge. He is sued in his individual capacity.

JOSEPH JAMAUL JOHNSON, CASE NO. 19-CV-02345-SK (PR)

6. Defendant A. Meyer is a correctional lieutenant in charge of the Administrative Segregation Unit at SVSP and is responsible for housing placement or transfer to an alternate institution. He is also responsible for conducting disciplinary hearings for prisoners accused of breaking prison rules at SVSP whose first name is presently unknown to plaintiff. He is sued in his individual capacity.

7. Defendants J. Cermeno, A. Oyarzabal, and M. Perez are correctional Sergeants employed at SVSP whose first names are presently unknown to plaintiff. They are sued in their individual capacities.

8. Defendants M. Matias, and R. Salgado are correctional officers employed at SVSP whose first names are presently unknown to plaintiff. They are sued in their individual capacities.

9. Defendant Doe* was the correctional floor officer in building 1 employed at SVSP whose name is presently unknown to plaintiff. He is sued in his individual capacity.

10. Defendant Doe* was the correctional gun tower officer in building 1 employed at SVSP whose name is presently unknown to plaintiff. He is sued in his individual capacity.

11. Defendant Doe* was the correctional C-yard's gun tower officer employed at SVSP whose name is presently unknown to plaintiff. He is sued in his individual capacity.

12. Defendant Jason Martines is a Correctional Counselor a departmental employee at SVSP designated to represent the Director in the classification process during the review, approval, or deferral of actions by institution classification committees, including but not limited to inmate transfers, inmate special housing program placements/retention,

---

*Complaint naming "Doe" defendant, The person charged with the abuse may not be named and may be referred to only as a "Doe" in the original complaint filed with the court. [CCP § 340.1(m)].

JOSEPH JAMAUL JOHNSON, CASE NO. 19-CV-02345-SK (PR)

and custody designations. He is sued in his individual and official capacities.

13. Defendants S. Sawyer is the Medical Administrator or Chief Executive Officer of Health Care Services and M. Villanueva is the Health Care Appeals RN and they are generally responsible for reviewing all administrative health care grievance issue(s) or appeals at SVSP they're also responsible for ensuring provision of medical and clinical care to prisoners and specifically for scheduling medical appointments outside the prison when a prisoner needs specialized treatment or evaluation whose first names are presently unknown to plaintiff. They are sued in their individual and official capacities.

14. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## Exhaustion of Available Remedies

15. Plaintiff exhausted his administrative remedies before filing this complaint with respect to all claims and all defendants.

## Facts

16. On July 05, 2018, the plaintiff was transferred to Salinas Valley State Prison to participate in the Short Term Restricted Housing Unit.

17. On July 09, 2018, CCI C. Ramos was assigned and met with plaintiff at least 24 hours prior to his committee hearing.

18. On July 12, 2018, the plaintiff appeared before the Institution Classification Committee for custody review and program placement.

19. Committee members found no reason to retain plaintiff in administrative segregation ("AD-SEG") and elected to move plaintiff into the general population ("GP") to facility C-yard since plaintiff

JOSEPH JAMAUL JOHNSON, CASE NO. 19-CV-02345-SK (PR)

had no documented enemy situation at SVSP.

20. While plaintiff was waiting to be moved to Facility C, Correctional Sergeants A. Oyarzabal and J. Cermeno informed plaintiff that he "did have an enemy in Facility C therefore plaintiff can't be released to C yard.

21. Sergeant Oyarzabal in fact "specifically questioned the committee's decision to release plaintiff to [Facility C] while there existed a documented enemy situation."

22. On July 15, 2018, plaintiff was released to Facility C and placed on orientation[1] status which means confined to quarters- no recreational privileges nor visits etc, until a more appropriate housing placement is in order.

Violation of Eighth Amendment: Deliberate Indifference to Mr. Johnson's safety

23. On July 16, 2018, Correctional "Doe," building C1-floor Officer informed plaintiff that he had to go to the yard "mandatory yard" and plaintiff stated: "I'm still on orientation status" which restricts you from all movements and activities.

24. Correctional "Doe," building C1-floor Officer stated: "so what!" "Take your ass out to yard!"

25. Correctional "Doe," building C1- gun tower Officer opened plaintiff's cell door.

26. Plaintiff went out to yard, while on the yard- plaintiff was approached and assaulted by four inmates while Correctional Officers M. Matias, R. Salgado, and Sergeant M. Perez "stood by and watched as plaintiff was being attacked and assaulted."

27. Correctional "Doe," C yard's gun tower Officer fired two rounds from the yard tower but hit plaintiff in the face and arm, rather than his attackers, and caused plaintiff serious bodily injury.

---

[1] Orientation. Newly received inmates may be restricted to assigned quarters for that purpose. Such restrictions should not be more confining than is required for institution security and the safety of persons, nor for a period longer than the minimum time required to evaluate the safety and security factors and reassignment to more appropriate housing.

JOSEPH JAMAUL JOHNSON, CASE NO. 19-CV-02345-SK (PR)

28. Plaintiff was given some treatment by prison medical staff and was then transferred and taken to an outside emergency room as a result of the injuries suffered from the assault.

### Denial of Medical Care

29. While the plaintiff was at Natividad Medical Center on July 16, 2018, Dr. Klick, the emergency room physician on duty, told him, and wrote in an order that was to be sent back to the prison, that you have a fracture of your orbit wall (the bone around your eyeball) do not blow your nose until directed otherwise and you also need to have your laceration repair sutures removed in 5-7 days and probable surgery.

30. About a week later, July 23, 2018, the plaintiff was taken to the medical clinic and his sutures were removed by a physician's assistant and recommended urgent malar fracture repair because plaintiff had difficulty chewing his food and brushing his teeth, he felt pain on the right face, he also had blurry vision.

31. Initially, plaintiff was hesitant to have surgery but today plaintiff changed his mind and he wants to proceed with the surgical repair because he cannot eat nor brush his teeth properly but more importantly his eye hurts - the pain is unbearable.

32. Since then, the plaintiff has submitted repeated sick call requests and has filed health care grievances and appeals against the defendants requesting proper medical care and relief on July 26, 2018.

33. On August 02, 2018, plaintiff underwent a facial bone surgical repair under Dr. Trapp, as a result of the fired rounds from the yard gun tower

34. On information and belief, when a prisoner files a grievance, the grievance staff calls the matter to the attention of those individuals

JOSEPH JAMAUL JOHNSON, CASE NO. 19-CV-02345-SK (PR)

responsible for the matter that the grievance concerns.

35. Defendant Sawyer is responsible for medical care generally and for arranging for specialized medical care outside the prison.

36. Defendant Villanueva is responsible for arranging for specialized health care outside the prison.

37. It is now nineteen months later and Plaintiff is still having severe headaches for at least a few hours a day. When he has severe headaches he still loses his vision.

38. The outside doctor ordered that Plaintiff receive physical therapy but Defendants Nurse Villanueva and Prison Health care Providers have refused to provide physical therapy.

## Claims for Relief
### A. Failure to Protect

39. The failure of Defendants Matias, Salgado, and Perez to act on their knowledge of a substantial risk of serious harm to Plaintiff violated his Eighth Amendment right to be free from deliberate indifference to his safety.

40. As a result of Defendants Matias, Salgado, and Perezs' failure, Plaintiff was viciously assaulted and received serious physical and emotional injuries.

### B. Deliberate Indifference to Medical Needs

41. The refusal of Defendants Sawyer and Villanueva to authorize and provide physical therapy to plaintiff constituted deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.

42. Defendant Prison Health Care Providers have a policy of

JOSEPH JAMAUL JOHNSON, CASE NO. 19-CV-02345-SK (PR)

restricting, if not outright denying, follow-up care ordered by a doctor when such care is expensive.

43. Defendant Nurse Villanueva was following the policy of Prison Health Care Providers when she denied any follow-up care to plaintiff that had been ordered.

44. The failure of Defendant Sawyer Prison Health Care Provider to take steps to ensure that plaintiff received the needed treatment, despite its knowledge of plaintiff's serious medical needs, constituted deliberate indifference to plaintiff's serious medical needs.

45. As a result of Defendant S. Sawyer, Chief Health Care Providers' and Defendant Nurse M. Villanueva's failure to provide needed physical therapy and medical treatment, Plaintiff suffered further injury and physical and emotional pain and injury.

C. <u>Retaliation</u>

46. The refusal of Defendants Shawn Hatton, Victor Solis, A. Meyer, J. Cermeno, A. Oyarzabal, and Jason Martinez to provide protection to Plaintiff as a result of plaintiff's having filed a lawsuit against prison staff constituted retaliation for petitioning government for redress of grievances and therefore violated the First Amendment.

47. As a result of Defendants Shawn Hatton, Victor Solis, A. Meyer, J. Cermeno, A. Oyarzabal, and Jason Martiness' failure, Plaintiff was viciously assaulted and received serious physical and emotional injuries.

D. <u>Negligent failure to protect</u>

48. Defendants Correctional "Doe," building C1 - floor Officer, Correctional "Doe," building C1 - gun tower Officer, Correctional "Doe," C yards gun tower Officer, M. Matias, R. Salgado, and Sergeant

JOSEPH JAMAUL JOHNSON, CASE NO. 19-CV-02345-SK (PR)

M. Perez owed Plaintiff a duty of reasonable care to protect him from assaults by other prisoners.

49. Defendants correctional "Doe," building C1-floor Officer, Correctional "Doe," building C1-gun tower Officer, Correctional "Doe," C yards gun tower Officer, M. Matias, R. Salgado, and Sergeant M. Perez breached that duty by failing to protect provide protection when plaintiff was released to facility C and hit in the face and arm with bullets.

50. The breach of duty resulted in serious physical and emotional injury and damages.

51. The breach of duty proximately caused those damages.

<u>Relief Requested</u>

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Declare that Defendants Matias, Salgado, "Doe," building C1-floor Officer, "Doe," building C1-guntower Officer, "Doe," C yards gun tower Officer, and Sergeant Perez violated Plaintiff's Eighth Amendment rights when they failed to protect him from a known risk of assault and he was severely assaulted;

B. Declare that Defendant Villanueva violated Plaintiff's Eighth Amendment right to medical care;

C. Declare that Defendant Sawyer Chief Medical Provider violated Plaintiff's Eighth Amendment rights to medical care;

D. Declare that Defendants Shawn Hatton, Victor Solis, A. Meyer, J. Cermeno, A. Gyarzabal, and Jason Martines violated Plaintiff's First Amendment right not to be retaliated against for filing lawsuits;

JOSEPH JAMAUL JOHNSON, CASE NO. 19-CV-02345-SK (PR)

E. Issue an injunction requiring that Defendants Health Care Providers provide physical therapy to Plaintiff as ordered by the outside doctor;

F. Award compensatory damages for plaintiff's physical and emotional injuries, and punitive damages ($100,000) against each defendant; and

G. Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.

I declare or verify under penalty of perjury that the foregoing is true and correct.

Executed (signed) on February 24th, 2020.

Respectfully submitted,

*Joseph J. Johnson*

JOSEPH J. JOHNSON - P77735
KERN VALLEY STATE PRISON
P.O. BOX: 5101, A2-124
DELANO, CA 93216-5101

STATE OF CALIFORNIA                                              COUNTY OF KERN

## VERIFICATION

C.C.P. SEC. 466 & 2016.5; 28 U.S.C. SEC. 17460

I, JOSEPH J. JOHNSON-P77735 declare under penalty of perjury that: I am the PETITIONER in the above entitled action. I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this 24th day of FEBRUARY, 2020, Kern Valley State Prison.

Signature _____
DECLARANT/PRISONER

---

## PROOF OF SEVICE BY MAIL

C.C.P. SEC. 1013(a) & 2016.5; 28 U.S.C. SEC. 1746

I, JOSEPH J. JOHNSON-P77735, am a resident of California State Prison, in the County of KERN, State of California: I am over the age of eighteen (18) years and am/am not a party of the above entitled action. My state prison address is: P.O. Box 5101, Delano, CA. 93216.

On THE 24th OF FEB., 2020, I served the foregoing ORIGINAL AND TWO COPIES OF THE ATTACHED: SECOND AMENDED COMPLAINT: CASE NO. 19-CV-02345-SK (PR).

Set forth exact title of document(s) served

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s) with postage thereof fully paid, in the United States Mail, in a deposit box so provided at KERN Valley State Prison, Delano, CA. 93215.

U.S. DISTRICT COURT- NORTHERN DIST.
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

List parties served

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: FEBRUARY 24, 2020               _____
                                        DECLARANT/PRISON