UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JAMAUL JOHNSON, <br> Plaintiff, <br> v. <br> J. CERMENO, et al., <br> Defendants. | Case No. 19-cv-02345-SI <br><br> **ORDER RE. SUBPOENA REQUEST AND EXTENDING DEADLINES** <br> Re: Dkt. Nos. 31, 33 |

Plaintiff has requested that someone, apparently the prison litigation coordinator, be subpoenaed so that plaintiff can learn the names of people who took part in an incident on July 16, 2018. The court does not do discovery on behalf of parties, so the court will not prepare a subpoena for a litigant. The court will, however, send the subpoena form to plaintiff so that he may fill it out and return it to the court clerk to be issued. Accordingly, plaintiff's request for a subpoena is GRANTED in part. Docket No. 31. A blank form subpoena to produce documents will be sent to plaintiff. Plaintiff should fill out the subpoena, and return it to the court clerk so that it may be issued.

Federal Rule of Civil Procedure 45 governs subpoenas. In general, a subpoena can be issued to command a person to attend a deposition to testify and/or to provide documents or things, but a subpoena cannot directly seek information. Plaintiff thus cannot subpoena just the "names" of people who were present on a given day. Plaintiff can, however, subpoena documents that might show which staff members were present at a particular place on a particular day. Using the form subpoena to produce documents, plaintiff might be able to obtain documents that contain the information he wants. To complete such a subpoena, plaintiff needs to identify the person he is subpoenaing (such as the custodian of records for the prison if he wants prison records), needs to

adequately describe the documents or things he wants that person to produce, and needs to set a date for production -- usually several weeks after the subpoena is issued.[1]

Defendants oppose the request for a subpoena, arguing that the information plaintiff seeks is irrelevant because the court already dismissed the excessive force claim against the unidentified guard who fired the shot that hit plaintiff while plaintiff was being attacked by other inmates. Although defendants are correct that the claim against the shooter has been dismissed, *see* Docket No. 21 at 6, that does not require a rejection of plaintiff's subpoena request. It is premature for the court to determine that plaintiff could not satisfy the requirements of Federal Rule of Civil Procedure 15 to further amend to attempt to add the shooting defendant because plaintiff has not made such a motion. If and when he makes such a motion, the court will decide whether he should be allowed to further amend in light of the earlier dismissal of that defendant. Moreover, regardless of whether the shooter can become a defendant, the shooter may have information relevant to at least one claim that was found cognizable, i.e., the Eighth Amendment claim that defendants Matias, Salgado, and Perez stood by and watched as plaintiff was attacked on July 16, 2018 before the shot was fired. Subpoenaing documents to learn the identity of the shooter may be the first step in the search for a witness with potentially relevant information. The subpoena request will not be rejected on the ground that it seeks irrelevant information.

Defendants request a 60-day extension of the deadline to file a dispositive motion. Upon due consideration of the request and the accompanying declaration of attorney William Buranich, the court GRANTS the request. Docket No. 33. The court now sets the following new briefing schedule for dispositive motions: Defendants must file and serve their dispositive motion no later than **January 22, 2021**. Plaintiff must file and serve on defense counsel his opposition to the

---

[1]As an alternative to subpoenaing documents, plaintiff could subpoena a person to appear at a deposition to testify about who was present on a particular day. Subpoenaing a person to testify at a deposition generally is impracticable for a *pro se* prisoner-plaintiff proceeding *in forma pauperis* because the litigant must pay witness fees to the person and pay for a court reporter to be present at a deposition, as well as to arrange for the deposition at the prison. The court cannot waive these fees, even when a plaintiff is proceeding *in forma pauperis*. *See Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989). If plaintiff wants to subpoena a person for a deposition, he may request the form to use for that purpose, but must at that time show that he has made the arrangements for a deposition and has the financial means to conduct a deposition.

dispositive motion no later than **March 5, 2021**.  Defendants must file and serve their reply brief (if any) no later than **March 26, 2021.**

The clerk will mail to plaintiff a blank form subpoena to produce documents

**IT IS SO ORDERED**.

Dated: November 30, 2020

_____
SUSAN ILLSTON
United States District Judge