UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JAMAUL JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> J. CERMENO, et al., <br><br> Defendants. | Case No. 19-cv-02345-SI <br><br> **ORDER DENYING DISCOVERY MOTION AND EXTENDING DEADLINES** <br><br> Re: Dkt. No. 38 |

This is a *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 in which plaintiff alleges claims that defendants were deliberately indifferent to his safety and to his medical needs. On January 22, 2021, Defendants filed a motion for summary judgment solely on the ground that plaintiff failed to exhaust administrative remedies for his claims before filing this action. Docket No. 36. (Defendants indicate that, if the motion for summary judgment does not fully resolve the case, they will file another motion for summary judgment on the merits. *Id.* at 2 n.1.) The court's most recent scheduling order required plaintiff to file an opposition to the motion for summary judgment no later than March 5, 2021. Docket No. 34. Plaintiff has not yet filed an opposition and has not sought an extension of the deadline to do so.

On April 14, 2021, plaintiff filed a motion to compel discovery, seeking sanctions and apparently an order compelling defendants to give different and better responses to his requests for admissions. Docket No. 38. The attachment to the motion shows that plaintiff served a series of requests for admissions that went to the merits of his claim -- rather than to his efforts to exhaust administrative remedies – and that a defendant responded to each one with objections including this objection:

> [Defendants] have filed a motion for summary judgment on the issue of whether or not Plaintiff properly exhausted administrative remedies as required by the Prison Litigation Reform Act (PLRA) before filing suit. The issue of exhaustion should be

> determined at the outset, before a defendant is required to address the merits of a claim under the PLRA. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc). The *Albino* court also indicated that discovery, if appropriate, can be limited to the issue of exhaustion until that issue is resolved. Responding party therefore objects to this discovery as not being directed to the issue of whether or not Plaintiff exhausted his administrative remedies before filing suit. Once the Court has determined the exhaustion issue, responding party will, if appropriate, respond to this discovery at that time.

Docket No. 38 at 5-9.

The court agrees with defendants' position that the administrative exhaustion question can and should be decided as a threshold matter. The *Albino* case plainly contemplates the approach defendants urge, as that case states that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino*, 747 F.3d at 1170. *Albino* also permits, but does not require, a party to file a motion for summary judgment "directed solely to the issue of exhaustion." *Id.* Once the exhaustion question is resolved, the case may proceed to the merits if dismissal is not appropriate for nonexhaustion. *See id.* at 1170-71.

The court will decide the exhaustion question first, before allowing the case to go forward to consideration of the merits of plaintiff's claims, if necessary. The discovery requests that are the basis of plaintiff's motion to compel are not relevant to the exhaustion question. Plaintiff's motion to compel and for sanctions therefore is DENIED. Docket No. 38. If this case survives defendants' motion for summary judgment, plaintiff then can pursue discovery about the merits of his claims.

Plaintiff missed the deadline to file his opposition to the motion for summary judgment. The court will give him one last chance to file that opposition and now sets the following new briefing schedule. Plaintiff must file and serve his opposition to the motion for summary judgment no later than **May 20, 2021.** This deadline will not be further extended because, by the time it arrives, plaintiff will have had almost four months to prepare his opposition. Defendants must file and serve their reply brief, if any, no later than **June 4, 2021.**

**IT IS SO ORDERED**.

Dated: April 21, 2021

_____
SUSAN ILLSTON
United States District Judge

2