UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JAMAUL JOHNSON, <br> Plaintiff, <br> v. <br> J. CERMENO, et al., <br> Defendants. | Case No. 19-cv-02345-SI (pr) <br><br> **ORDER ON MISCELLANEOUS MOTIONS** <br><br> Re: Dkt. Nos. 50, 52 |

This matter is now before the court for consideration of two miscellaneous matters in this *pro se* prisoner's civil rights action alleging a claim of deliberate indifference to plaintiff's safety under the Eighth Amendment, stemming from a July 2018 incident in which plaintiff was attacked by other inmates on the C Yard of Salinas Valley State Prison ("SVSP").

Plaintiff has filed a motion to compel two distinct groups of discovery. Dkt. No. 50. Defendants have opposed plaintiff's motion because they claim they have already served responses to both discovery requests. In essence, defendants argue that their responses have made plaintiff's motion moot, and plaintiff did not file a reply or otherwise disagree with this assertion. The motion to compel therefore is DENIED as moot. Dkt. No. 50.

Defendants have moved for summary judgment. In connection with that motion, defendants have filed a motion to file certain exhibits under seal. Dkt. No. 52. Defendants wish to have filed under seal the following: (1) exhibits consisting of separation alerts (enemy lists) for plaintiff and bed assignment records for every enemy on that list in order to prove that no enemy of plaintiff who had been identified and was known as of July 12, 2018, was on the C Yard of SVSP; and (2) a declaration by B. Hancock, litigation coordinator at Kern Valley State Prison (where plaintiff is currently housed), who authenticates, identifies, and explains those records. *See* Dkt. No. 52-3.

1  Defendants urge that the aforementioned exhibits and Litigation Coordinator Hancock's declaration
2  should be sealed because "they include information about other inmates, specifically inmates who
3  have been identified as having conflicts with [plaintiff], who pose a threat of harm to [plaintiff], or
4  who are otherwise identified as his enemies."  Dkt. No. 52 at 4 (citing Hancock Decl. ¶¶ 2-5).
5  Defendants add that "[t]his information should only be shared with individuals and departments at
6  [the California Department of Corrections and Rehabilitation ("CDCR")] who need to be aware of
7  it to protect the security of the institution, the safety of inmates and staff, and the safety of the general
8  public."  *Id.*  Thus, defendants state that "[i]t is, therefore, imperative that this information not be
9  published or otherwise made available to the public or to [plaintiff]."  *Id.*  Plaintiff has not filed an
10 opposition to defendants' motion to seal.  Upon due consideration of the motion to seal the
11 aforementioned exhibits and declaration, the court agrees with defendants' assessment of the risk of
12 danger that would flow from making these documents public.  Specifically, defendants have
13 demonstrated that the confidential information in the documents, if disclosed to the general public,
14 may endanger CDCR staff or inmates.  Accordingly, the documents identified as Exhibits 1
15 (declaration), A-Z (enemy lists), and AA-MM (enemy lists) (Dkt. No. 52-3) will be filed under seal
16 and not available for inspection by the public absent a court order permitting such inspection.  *See*
17 N.D. Cal. L. R. 79-5.

**IT IS SO ORDERED**.

Dated:  February 28, 2022

SUSAN ILLSTON
United States District Judge